IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 08-01 GMS |
| ANTHONY J. LOFINK, | : |
| Defendant. | : |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and David C. Weiss and Douglas E. McCann, Assistant United States Attorneys for the District of Delaware, and the defendant, Anthony J. Lofink, by and through his attorney, Edson Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1.   The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to a three count Felony Information. Count 1 charges him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Count 2 charges him with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Count 3 charges him with wire fraud in violation of 18 U.S.C. § 1343. The maximum penalties for Counts 1 and 3 of the Information are twenty years imprisonment, a $250,000 fine, or, pursuant to 18 U.S.C. § 3571(d) not more than twice the gross gain or loss from the offense (whichever is greater), up to three years supervised release, and a $100 special assessment. The maximum penalties for Count 2 of the Information are twenty years imprisonment, a $500,000 fine, or a

fine equal to twice the amount involved in the money laundering conspiracy (whichever is greater), up to three years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offenses to which he is pleading guilty, that is: for Count 1, on or about the dates charged in the Information, two or more persons knowingly conspired, or agreed, to violate Title 18, United States Code, Section 1343, and the defendant joined the conspiracy; for Count 2, on or about the dates charged in the Information, two or more persons knowingly conspired, or agreed, to violate Title 18, United States Code, Section 1956, and the defendant joined the conspiracy; and for Count 3, (a) the defendant knowingly devised or knowingly participated in a scheme or artifice to defraud; (b) the defendant did so with the intent to defraud; and (c) in advancing, or furthering, or carrying out this scheme to defraud, the defendant transmitted, or caused to be transmitted, a writing, signal, or sound by means of a wire communication across state lines.

3. The defendant knowingly, voluntarily, and intelligently admits that:

    A. beginning in or around May, 2005 and continuing until in or around October, 2007, in the District of Delaware and elsewhere, the defendant (i) conspired with M.S., J.D., S.R., and C.S. to commit wire fraud in that they, (ii) having devised and intending to devise a scheme and artifice to defraud the State of Delaware and certain unidentified owners of unclaimed property, and for obtaining money and property of the same by means of false and fraudulent pretenses and representations, for the purpose of executing such scheme and artifice, (iii) did knowingly cause to be transmitted by means of wire communication in interstate

      commerce, a writing, to wit, a facsimile sent on or about March 30, 2007, by C.S. in or around Englishtown, New Jersey to the defendant at the Bureau of Unclaimed Property of the State of Delaware in Wilmington, Delaware, which facsimile submitted a false and fraudulent claim for unclaimed property in the amount of $195,282.12.

B.    beginning in or around June 2006 and continuing until in or around October 2007, in the District of Delaware and elsewhere, the defendant conspired with S.R. to commit money laundering in that they (i) knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, (ii) conducted and attempted to conduct financial transactions, to wit, the withdrawal of United States currency in amounts under $10,000 from S.R.'s account **-****-8776 at Commerce Bank, the activities of which bank affect interstate commerce, and S.R.'s account **-****-5792 at PNC Bank, the activities of which bank affect interstate commerce, (iii) which United States currency, or some of it, was then delivered to the defendant for his use, (iv) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, wire fraud and interstate transportation of stolen property, and (v) to avoid a transaction reporting requirement under federal law, to wit, the requirement that PNC Bank and Commerce Bank file Currency Transaction Reports for cash transactions that exceeded $10,000.

    C.    On or about March 22, 2007, in the District of Delaware and elsewhere, (i) having devised and intending to devise a scheme and artifice to defraud Small Business Loan Source, LLC and the Small Business Administration, and for obtaining money and property of the same by means of false and fraudulent pretenses and representations, for the purpose of executing such scheme and artifice, (ii) did knowingly cause to be transmitted by means of wire communication in interstate commerce, a writing, to wit, a wire transfer of $57,159.00 from PNC Bank in Delaware to the Capital One Bank account of Planet Beach Franchising Corporation, which money was in part provided by the defendant as payment in satisfaction of an agreement between S.R. and Planet Beach Franchising Corporation.

4.    The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation

of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. Provided that the United States Attorney does not learn of conduct inconsistent with acceptance of responsibility, the United States will recommend a three-level reduction in the offense level for the charge above for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States makes this recommendation because the defendant has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

6. The defendant agrees to pay the $300 in special assessments the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to consent to the release of the defendant's tax returns for the previous three years. Defendant agrees to forfeit to the United

States all of the defendant's interests in any asset of a value of more than $1000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

9. The defendant agrees to forfeit all interests in any fraud-related asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, including but not limited to $1,245,247.53; all right title and interest in the Franchise, as defined in the Felony Information, including the license to operate the Franchise, and the assets thereof; and all right title and interest in the license to serve as an area representative for Planet Beach, as conveyed under the Area Representative Agreement described in the Felony Information. Defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

10. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any

failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

11. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding, provided however, that the defendant reserves his right to invoke his rights under the Fifth Amendment. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct or substitute assets for property otherwise subject to forfeiture.

12. The defendant agrees that all information provided under any prior off-the-record proffer letter shall be on the record as of the date of the defendant's entry of a guilty plea.

///

13. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____
Edson Bostic, Esquire
Attorney for Defendant

By: _____
David C. Weiss
Douglas E. McCann
Assistant United States Attorneys

_____
Anthony Lofink
Defendant

Dated: 2/5/08

**AND NOW**, this 5th day of Feb, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

8

**FILED**

FEB - 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE