IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 08-01- GMS |
| ANTHONY J. LOFINK, | : |
| Defendant. | : |

**MOTION OF THE UNITED STATES
FOR A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and David C. Weiss, Assistant United States Attorney for the District of Delaware, submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth below. This Motion seeks two forms of relief from the Court: (a) the entry of an order of forfeiture in the form of a money judgment against the defendant pursuant to the terms of the Memorandum of Plea Agreement; and (b) the entry of a preliminary order of forfeiture with respect to certain property seized from the defendant, in order to commence an ancillary proceeding under Rule 32.2 of the Federal Rules of Criminal Procedure, so that the Court may hear third party claims, if any, to the seized property. In addition, as the Government makes clear below, the Government anticipates that, at the appropriate time, it will move to amend the order of forfeiture to account for properties subsequently forfeited either administratively, or by this Court. A proposed order is submitted with this motion.

**The Government Seeks Entry of a Money Judgment in the Amount of $1,245,247.53.**

1.  Defendant has been convicted of the offenses alleged in Counts One, Two, and

Three of the Felony Information. In the Felony Information, the United States gave notice to the defendant that, in the event of his conviction, he would be required to forfeit to the United States all proceeds derived from the offense alleged in Count One up to $1,245,247.53.

2. On February 5, 2008, the Court accepted a Memorandum of Plea Agreement where the defendant agreed to the entry of a money judgment against him in the amount of $1,245,247.53.

3. Accordingly, this Motion seeks entry by the Court of a money judgment in the amount of $1,245,247.53.

4. The entry of a Preliminary Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. *See United States v. Voight*, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (the Government is entitled to a personal money judgment equal to the amount of money involved in the money laundering offense); *United States v. Vampire Nation,* 451 F.3d 189, 202 (3d Cir. 2006) (approving of money judgments in criminal cases).

5. Once the Preliminary Order of Forfeiture is entered, the Government may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the defendant, having a value up to the amount of the money judgment, as substitute assets. *See Voight*, 89 F.3d at 1088 (once the Government has obtained a money judgment, it may forfeit defendant's assets in partial satisfaction of that judgment).

**The Government Expects That It Will Seek to Amend the Money Judgment in the Near Future to Account for Assets Pending Administrative Forfeiture.**

6. The United States has seized $67.472.11 in United States currency from the defendant, which currency is presently the subject of an administrative forfeiture proceeding and has been assigned the asset identification number 08-FBI-000412. In addition, the United States has seized from defendant eleven pieces of jewelry from defendant having an aggregate appraised value of $5400.00 consisting of the following:

(1) One man's titanium wedding band, David Yurman design;

(2) One sterling silver and 18K yellow gold and diamond wedding band;

(3) One sterling silver and 18K yellow gold, David Yurman design;

(4) One man's sterling silver black diamond finger ring;

(5) One sterling silver "wheat link" chain, David Yurman design;

(6) One sterling silver black diamond bracelet;

(7) One sterling silver and black leather bracelet, David Yurman design;

(8) One man's sterling silver and 18K yellow gold bangle bracelet;

(9) One man's sterling silver and enamel bracelet;

(10) One sterling silver dog tag pendant and chain, David Yurman design; and

(11) One man's stainless steel Breitling wristwatch.

These assets have collectively been assigned the asset identification number 08-FBI-001033 and are also the subject of an administrative forfeiture action.

7. The government does not anticipate that any person will contest the administrative forfeiture of 08-FBI-000412 or 08-FBI-001033, and therefore, expects that the administrative

forfeiture of these assets (totaling about $72,872.11 in value) will be completed in the near future. When those forfeitures are complete, the government will file a motion to amend the preliminary order of forfeiture in this case to reduce the money judgment from $1,245,247.53 to an amount that accounts for the ultimate disposition value of 08-FBI-000412 and 08-FBI-001033. See Rule 32.2 (e)(1)(B) (stating that the preliminary order of forfeiture may be amended at any time).

**The Government Seeks a Preliminary Order of Forfeiture with Respect to Certain Assets Seized from the Defendant, or a Third Party, Which Were not Made Part of an Administrative Forfeiture Proceeding.**

8. The defendant has agreed to forfeit to the United States $22,300 in United States currency and six pieces of jewelry including:

(1) One sterling silver diamond cuff bracelet, David Yurman design;

(2) One sterling silver diamond and onyx pendant, David Yurman design;

(3) One sterling silver rhodolite garnet and diamond pendant, David Yurman design;

(4) One sterling silver rhodolite garnet and diamond ring, David Yurman design;

(5) One sterling silver blue topaz necklace; and

(6) One stainless steel ladies' wristwatch, David Yurman design.

9. These assets were seized by the Delaware State Police in the course of its investigation, and were not part of the Federal Bureau of Investigation administrative forfeiture proceeding described above. Accordingly, the Government seeks to forfeit this property through the judicial process.

10. Based upon the evidence set forth in the plea agreement, presented at the change of plea hearing, and in the attached declaration, the United States has established the

requisite nexus between the property and the offenses to which the defendant has pled guilty. Accordingly, that property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

11. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1) the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on David C. Weiss, Assistant United States Attorney within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

12. The United States does not anticipate any third party claims for this property. After the completion of the judicial forfeiture and disposition of these assets, the United States will also move to amend the money judgment to account for the disposition of these assets.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary

5

Order of Forfeiture forfeiting to the United States the property described in Paragraph 8 above and order the United States Marshals Service to seize and maintain custody of the forfeited property and dispose of it in accordance with the law.  The United States further requests the Court to enter an order directing a money judgment in the amount of $1,245,247.53 against the defendant.

      A proposed order is attached for the Court's convenience.

      Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: /s/ David C. Weiss
David C. Weiss
Assistant United States Attorney

DATED:   June 19, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 08-01-GMS |
| ANTHONY J. LOFINK, | : |
| Defendant. | : |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on February 5, 2008, the defendant Anthony J. Lofink entered a plea of guilty to a Three-Count Felony Information where he agreed to the entry of a money judgment in the amount of $1,245,247.53; and

WHEREAS, the United States has filed a Motion for Entry of a Preliminary Order of Forfeiture which would consist of a personal money judgment against the defendant in the amount of $1,245,247.53; and

WHEREAS, The Court has determined, based on defendant's plea agreement, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), that the defendant had an interest in such property, and that the government has established the requisite nexus between such property and such offenses:

(1)   $22,300.00 in United States currency;

(2)   One sterling silver diamond cuff bracelet, David Yurman design;

(3)   One sterling silver diamond and onyx pendant, David Yurman design;

(4)   One sterling silver rhodolite garnet and diamond pendant, David Yurman design;

(5)   One sterling silver rhodolite garnet and diamond ring, David Yurman design;

    (6)    One sterling silver blue topaz necklace; and

    (7)    One stainless steel ladies' wristwatch, David Yurman design.

(collectively, "Subject Property")

    NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED this \_\_\_\_ day of _____, 2008 that:

    1.    The Defendant shall forfeit to the United States the sum of $1,245,247.53 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

    2.    Defendant shall also forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses for which he has been convicted, which property has not yet been identified or located;

    3.    Upon the entry of this Order, the Attorney General or a designee is authorized to seize the Subject Property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3):

    (1)    $22,300.00 in United States currency;

    (2)    One sterling silver diamond cuff bracelet, David Yurman design;

    (3)    One sterling silver diamond and onyx pendant, David Yurman design;

    (4)    One sterling silver rhodolite garnet and diamond pendant, David Yurman design;

    (5)    One sterling silver rhodolite garnet and diamond ring, David Yurman design;

    (6)    One sterling silver blue topaz necklace; and

    (7)    One stainless steel ladies' wristwatch, David Yurman design.

4.  Upon entry of this Order, the Attorney General or a designee is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.  The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General or a designee may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

6.  Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to18 U.S.C. § 982(b)(1).

7.  Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8.  Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9.  After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and

before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 18 U.S.C. § 982(b) for the filing of third party petitions.

11. The United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and

12. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Preliminary Order of Forfeiture to substitute property having a value not to exceed $1,245,247.53 to satisfy the money judgment in whole or in part.

_____
HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE