IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 08-01-GMS |
| ANTHONY J. LOFINK, | : |
| Defendant. | : |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on February 5, 2008, the defendant Anthony J. Lofink entered a plea of guilty to a Three-Count Felony Information where he agreed to the entry of a money judgment in the amount of $1,245,247.53; and

WHEREAS, the United States has filed a Motion for Entry of a Preliminary Order of Forfeiture which would consist of a personal money judgment against the defendant in the amount of $1,245,247.53; and

WHEREAS, The Court has determined, based on defendant's plea agreement, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), that the defendant had an interest in such property, and that the government has established the requisite nexus between such property and such offenses:

(1)   $22,300.00 in United States currency;

(2)   One sterling silver diamond cuff bracelet, David Yurman design;

(3)   One sterling silver diamond and onyx pendant, David Yurman design;

(4)   One sterling silver rhodolite garnet and diamond pendant, David Yurman design;

(5)   One sterling silver rhodolite garnet and diamond ring, David Yurman design;

    (6)    One sterling silver blue topaz necklace; and

    (7)    One stainless steel ladies' wristwatch, David Yurman design.

(collectively, "Subject Property")

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED this 22nd day of July, 2008 that:

1.    The Defendant shall forfeit to the United States the sum of $1,245,247.53 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

2.    Defendant shall also forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses for which he has been convicted, which property has not yet been identified or located;

3.    Upon the entry of this Order, the Attorney General or a designee is authorized to seize the Subject Property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3):

    (1)    $22,300.00 in United States currency;

    (2)    One sterling silver diamond cuff bracelet, David Yurman design;

    (3)    One sterling silver diamond and onyx pendant, David Yurman design;

    (4)    One sterling silver rhodolite garnet and diamond pendant, David Yurman design;

    (5)    One sterling silver rhodolite garnet and diamond ring, David Yurman design;

    (6)    One sterling silver blue topaz necklace; and

    (7)    One stainless steel ladies' wristwatch, David Yurman design.

4.   Upon entry of this Order, the Attorney General or a designee is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.   The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General or a designee may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

6.   Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 982(b)(1).

7.   Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8.   Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9.   After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and

before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 18 U.S.C. § 982(b) for the filing of third party petitions.

11. The United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and

12. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Preliminary Order of Forfeiture to substitute property having a value not to exceed $1,245,247.53 to satisfy the money judgment in whole or in part.

HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

FILED
JUL 2 2 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE